CIACCIO, Judge.
Alvin Matthews was charged by bill of information with the intentionally cruel treatment of a juvenile, a violation of La. R.S. 14:93. Following the denial of a motion to suppress inculpatory statements (which, in any event, were not introduced at trial), the defendant elected to be tried by a jury. The jury returned a verdict of guilty as charged. Defendant was sentenced to serve eight years in the custody of the Louisiana Department of Corrections.
Defendant has asked this court to review the record for errors discoverable by an inspection of the pleadings and proceedings, in accordance with Art. 1 Sec. 19 of the Louisiana Constitution of 1974 and La. C.Cr.P. Art. 920(2). We also reviewed the trial record to determine the sufficiency of the evidence.
At trial, Sylvia Morris testified that on the night in question she could not find anyone to babysit with her child so she could go to her job at the Veteran’s Administration Hospital. She was expected to be at work for midnight. She contacted defendant, a former boyfriend of hers, and asked if he would babysit with the three year old child. The defendant agreed to do so, but only after he attended a party.
Defendant did not arrive before Ms. Morris had to leave for work, so she left the house while the baby slept. Ms. Morris testified that she telephoned her home around 2 a.m. and spoke with defendant.
*702 Ms. Morris returned home between eight and nine o’clock the next morning. She found her son laying on the bed, crying. He was badly bruised around the face, thighs and buttocks. Defendant was present and explained that the boy had fallen out of the bathtub. Ms. Morris did not accept this explanation and testified that when she confronted defendant, he admitted that he had beaten the child.
Ms. Morris further testified that defendant smelled badly of liquor.
Dr. Craig Turner examined the child that morning. He testified that when the boy was brought in, he was badly bruised about his buttocks and lower abodomen, his face was badly swollen from what appeared to be marks from an open hand, and that both eardrums had been ruptured. The doctor further testified that the child was in much pain, and that he sedated the baby because of the pain.
By way of defense, defendant challenged the credibility of Ms. Morris. Defendant presented witnesses who testified that he was still at the party at two o’clock and did not leave until much later. This testimony, however, does not exclude the possibility that Ms. Morris was simply mistaken about the time she telephoned her home. More importantly, this attempt at an alibi does not provide a reasonable hypothesis of defendant’s innocence.
We reviewed the record for any errors discoverable by inspection of the pleadings and proceedings and found none.
Recognizing that this case is founded upon circumstantial evidence, we have reviewed the evidence and we find that the only reasonable hypothesis is favorable to the prosecution, that every element of the crime was proven beyond a reasonable doubt, and that there exists no reasonable hypothesis of innocence. This being the standard for determining the sufficiency of the evidence in circumstantial evidence cases, we find the evidence in this case sufficient to sustain defendant’s conviction. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Shapiro, 431 So.2d 372 (La.1983).
Having found no error in the district court proceedings, we affirm defendant’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.